```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```
PABLO POBLETE,

        Plaintiff,    MEMORANDUM AND ORDER
                                                                    19-CV-6052 (RPK) (LB)

  -against-

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; HSBC MORTGAGE
CORPORATION (USA); HSBC BANK USA,
NATIONAL ASSOCIATION; RUSHMORE
LOAN MANAGEMENT SERVICES;
WILMINGTON SAVINGS FUND SOCIETY
FSB; MTGLQ INVESTORS, LP; US BANK
TRUST NATIONAL ASSOCIATION; and THE
CHALET SERIES III TRUST,

        Defendants.
```
-----------------------------------------------------------------X
```
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Pablo Poblete, proceeding *pro se*, filed this action challenging the foreclosure of plaintiff's real property in Queens County, New York. Plaintiff names as defendants Mortgage Electronic Registration Systems, Inc., HSBC Mortgage Corporation (USA) ("HSBC Mortgage"), and HSBC Bank USA, National Association ("HSBC Bank") (together, "the HSBC defendants"). In addition, plaintiff names as defendants Rushmore Loan Management Services, LLC ("Rushmore Loan"), MTGLQ Investors LP ("MTGLQ"), US Bank Trust National Association, and The Chalet Series III Trust. The defendants have moved to dismiss the action on various grounds. As explained below, while plaintiff's sole basis for federal jurisdiction is diversity of citizenship, both plaintiff and multiple defendants appear to be citizens of New York. Accordingly, this suit is dismissed because of lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff alleges that he is the owner of real property in Elmhurst, New York ("the Elmhurst property"). *See* Compl. ¶ 6 (Dkt. #1). In 2006, plaintiff executed a note to obtain a loan of $687,500 from the HSBC defendants. *Id.* ¶¶ 19-20, Ex. A. As security for the loan, plaintiff executed a mortgage on the Elmhurst property. *Id.* ¶ 21, Ex. B. In 2008, the HSBC defendants filed a foreclosure action against plaintiff in New York Supreme Court, Queens County, alleging that plaintiff had defaulted on his loan. *See id.* ¶¶ 22-23; *see also id.* Exs. C, D. The state court later entered a judgment of foreclosure and sale against plaintiff, and then granted HSBC Mortgage's motion to affirm the judgment. *See* Decl. of John E. Brigandi ¶¶ 3-7 ("Brigandi Decl.") (Dkt. #18-3); Rushmore Loan and MTGLQ Mem. of L. in Supp. of Mot. to Dismiss ("Rushmore Br.") Exs. D, E (Dkt. #18-7, #18-8). While the foreclosure action was pending in state court, the HSBC defendants assigned the note and mortgage to MTGLQ, which later assigned them to U.S. Bank Trust National Association as trustee of the Chalet Series III Trust. *See* Compl. ¶¶ 27-37; *id.* Exs. F-J.

In this federal lawsuit, plaintiff challenges the judgment of foreclosure against the Elmhurst property, and seeks a declaratory judgment that he is the lawful owner of that property, among other relief. *Id.* at 8-18. Defendants have filed three separate motions to dismiss the complaint, raising various arguments. *See generally* Rushmore Br. (Dkt. #18-2); HSBC Defendants' Mem. of L. in Supp. of Mot. to Dismiss ("HSBC Br.") (Dkt. #21-1); US Bank Trust National Association and Chalet Series III Trust Mem. of L. in Supp. of Mot. to Dismiss ("US Bank Br.") (Dkt. #20-12). All defendants argue that the Court lacks subject matter jurisdiction, with Rushmore Loan, MTGLQ, US Bank Trust National Association, and The Chalet Series III Trust specifically contending that plaintiff has not adequately pleaded diversity jurisdiction. *See* Rushmore Br. at 6-

2

9; HSBC Br. at 3-10; US Bank Br. at 2-4.  As explained below, the motions to dismiss based on the absence of diversity of citizenship are granted, and the action is dismissed for lack of subject matter jurisdiction.

## DISCUSSION

Plaintiff alleges that the Court has diversity jurisdiction over the action under 28 U.S.C. § 1332.  *See* Compl. ¶ 2.  A party seeking to invoke diversity jurisdiction "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete."  *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  Under 28 U.S.C. § 1332, a federal court has jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is "complete diversity" of citizenship, meaning "all plaintiffs must be citizens of states diverse from those of all defendants."  *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (citing 28 U.S.C. § 1332(a)(1)).

Plaintiff has not met his burden of establishing the Court's diversity jurisdiction over this suit.  The complaint alleges that plaintiff is a citizen of New York and that each of the defendants "is incorporated in states other than New York and have their principal places of business in states other than New York, *except for Defendant HSBC*."  Compl. ¶¶ 2, 5 (emphasis added); *see also id.* ¶¶ 12, 14 (alleging that defendants HSBC Mortgage and HSBC Bank are "located" in New York).  Because the complaint alleges that plaintiff and at least some of the defendants are citizens of the same state, plaintiff has failed to establish complete diversity of the parties.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *see also Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012).  Accordingly, the

complaint is dismissed without prejudice. *See Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015) (stating that dismissals for lack of subject matter jurisdiction must be without prejudice); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) (same).

## CONCLUSION

The complaint is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff is granted 30 days' leave to amend the complaint. The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff.

SO ORDERED.

    */s/ Rachel Kovner*
    RACHEL P. KOVNER
    United States District Judge

Dated: January 15, 2020
       Brooklyn, New York

4